No. 07-682C
(Judge Bruggink)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JANICE R. BARNES, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING "DRIVING TIME" CLAIMS

---

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

August 22, 2008

TABLE OF CONTENTS

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING "DRIVING TIME" CLAIMS . . . . . 1

INTRODUCTION . . . . . 1

ARGUMENT . . . . . 3

I. The Federal Circuit's Decisions In Bobo and Adams Continue To Be Binding Precedent In This Case . . . . . 3

II. The Distinctions Plaintiffs Raise Based Upon the Fact That They Are Diversion Investigators Is Not Material To Whether Their Home-to-Work Driving Is Compensable . . . . . 7

III. Plaintiffs' Reliance Upon The ECFA Is Misplaced . . . . . 9

IV. Plaintiffs' Argument Concerning Stare Decisis Does Not Detract From The Binding Effect Of Bobo And Adams Here . . . . . 12

CONCLUSION . . . . . 13

## TABLE OF AUTHORITIES

### CASES

AARP v. EEOC,
390 Fed. Supp. 2d 437 (E.D. Pa. 2005), aff'd on other grounds,
489 F.3d 558 (3d Cir. 2007), cert. denied, 128 S. Ct. 1733 (2008) . . . . . . . . . . . . . . . . . 6

Adams v. United States,
65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006),
reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007),
cert. denied, 128 S.Ct. 866 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Adams v. United States,
471 F.3d 1321 (2006), reh'g and reh'g en banc denied,
219 Fed. Appx. 993 (Fed. Cir. 2007),
cert. denied, 128 S.Ct. 866 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Billings v. United States,
322 F.3d 1328 (Fed. Cir. 2003), cert. denied, 540 U.S. 982 (2003) . . . . . . . . . . . . . . . . 4

Bobo v. United States,
136 F.3d 1465 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Chevron, U.S.A., Inc. v. Natural Resources Defense Council,
467 U.S. 837 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

Coltec Indus., Inc. v. United States,
454 F.3d 1340, 1353 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Crowley v. United States,
398 F.3d 1329 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

Easter v. United States,
No. 04-1435C (Fed. Cl., August 1, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fuller v. Teachers Insurance Company,
2007 U.S. Dist. LEXIS 69845 (E.D.N.C. Sept. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 5

Long Island Care At Home, Ltd. v. Coke,
127 S. Ct. 2339 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

National Cable & Telecommunications Association v. Brand X Internet Services,
545 U.S. 967 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Reich v. New York City Transit Authority,
45 F.3d 646 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Singh v. City of New York,
524 F.3d 361 (2nd Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES**

Employee Commuting Flexibility Act, Pub. L. No. 104-108, § 2102, 110 Stat. 1755, 1928 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fair Labor Standards Act, 29 U.S.C. § 201 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 254(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

31 U.S.C. § 1344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

**REGULATIONS**

5 C.F.R. §§ 551.401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 C.F.R. §§ 551.422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

41 C.F.R. § 102-5.30 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANICE R. BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-682C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING "DRIVING TIME" CLAIMS

Defendant, the United States, respectfully submits this reply in support of our motion for judgment on the pleadings, dismissing plaintiffs' claim for compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for the time solely spent driving a Government vehicle between home and work.

INTRODUCTION

In our moving brief, we established that, under controlling precedent of established by the United States Court of Appeals for the Federal Circuit, plaintiffs were not entitled to FLSA compensation for time solely spent driving a Government vehicle between home and work. Adams v. United States, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998). We further established that plaintiffs' home-to work driving claim was not distinguishable from home-to-work driving claims rejected in Adams and Bobo.

In their response, plaintiffs argue that the validity of Adams and Bobo has been undermined by two Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967 (2005). Neither of these Supreme Court decisions, however, involved a

question as to whether home-to-work driving – or, indeed, any other activity – constituted compensable work under the FLSA. Nor do plaintiffs go so far as to contend that the holding in either Adams or Bobo is actually in conflict with the holdings in the referenced Supreme Court cases. Plaintiffs rely upon these cases, rather, to argue that there were flaws in the Federal Circuit's reasoning in Bobo and Adams. Plaintiffs' attack upon Bobo and Adams is unfounded. Even if there were merit to this attack, however, it would be out of place. Plaintiffs are free to seek to persuade the Federal Circuit to overrule its decisions in these cases, but, unless and until this occurs, these cases remain binding upon this Court.[1]

Plaintiffs also argue that their claims are distinguishable from those in Bobo and Adams because the specific position involved here – Drug Enforcement Administration ("DEA") Diversion Investigator – was not among the various positions involved in those cases, and that the reason why diversion investigators are given vehicles for home-to-work driving is so that they can utilize the vehicles in connection with field work, rather than to respond to emergencies (as in Adams) or to transport dogs (as in Bobo). This is a distinction without a difference. The reasoning in Bobo and Adams is as applicable here as in those cases.

Plaintiffs also cite language contained in the Employee Commuting Flexibility Act, Pub. L. No. 104-108, § 2102, 110 Stat. 1755, 1928 (1996) ("ECFA"), which they read as implying that the use of a Government vehicle for commuting may constitute compensable work under the FLSA. Plaintiffs recognize that the Federal Circuit in Adams drew a contrary conclusion from

[1] On August 1, 2008, this Court issued a decision dismissing home-to-work driving claims virtually identical to the claim involved here. See Easter v. United States, No. 04-1435C (Fed. Cl., August 1, 2008). The Court in Easter issued an opinion discussing in detail, and rejecting, the same arguments that plaintiffs offer here. A copy of the slip opinion in Easter is attached as an addendum to this reply.

the ECFA. To the extent that plaintiffs disagree with the Federal Circuit in this regard, their argument has no more force than their other arguments disagreeing with controlling Federal Circuit precedent. To the extent that plaintiffs utilize the ECFA as a point of departure for distinguishing this case from that precedent, plaintiffs follow a convoluted route that leads to no genuine distinction.

Finally, plaintiffs argue that the doctrine of stare decisis is not applicable here, and that, therefore, Bobo and Adams need not be followed. This argument is a repackaging of plaintiffs' preceding arguments, and, like those arguments, it is devoid of merit.

## ARGUMENT

### I. The Federal Circuit's Decisions In Bobo and Adams Continue To Be Binding Precedent In This Case

Plaintiffs assert that, "whatever else may be said regarding the panel's conclusion in Adams that the driving involved there was not FLSA compensable, the reasoning in Adams has been nullified and discarded by the Supreme Court's decisions in Coke and Brand X." Plaintiff's Response 4. In the heading of the argument that plaintiffs offer in reliance upon these cases, they assert that "determinations of the law applicable to 'time worked' under FLSA has changed significantly since Adams." Id. at 3. The cited cases, however, effected no change in the law involved here. Brand X was actually decided prior to Adams. More important, far from "nullifying" Adams, the holdings in these cases have nothing to do with the holding in Adams or with "determinations of the law applicable to 'time worked' under FLSA." As plaintiffs acknowledge, the Supreme Court in Coke ruled against the plaintiff employees, holding that they were exempt from the FLSA under the regulations of the Department of Labor ("DOL"). The question whether home-to-work driving – or, indeed, any other activity – constitutes compensable

work under the FLSA was neither involved nor addressed in Coke. And, Brand X had nothing whatsoever to do with the FLSA or with any other substantive issue in this case.[2]

Plaintiffs cite these cases not for any substantive principle, but, rather, for certain general principles of statutory construction that they contend were not properly followed by the Federal Circuit in Adams. Specifically, plaintiffs cite these cases for the manner in which they applied the principles set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984), concerning deference to agency regulations and interpretations. Plaintiffs argue that the Federal Circuit in Adams did not show the requisite deference to certain Office of Personnel Management ("OPM") regulations, and placed greater reliance, instead, upon its own precedent in Bobo. Thus, the gist of plaintiffs' argument against the binding effect of the Federal Circuit's holdings in Bobo and Adams is not that the latter cases have been overruled or otherwise nullified, but that, under applicable principles of statutory construction, they were wrongly decided. (Plaintiffs direct their argument at Adams, and say little about Bobo, but they

---

[2] Oddly, plaintiffs attempt to buttress their reliance upon Supreme Court cases having nothing to do with home-to-work driving with several pages of argument based upon a Federal Circuit case also having nothing to do with home-to-work driving: Billings v. United States, 322 F.3d 1328 (Fed. Cir. 2003), cert. denied, 540 U.S. 982 (2003). Plaintiffs suggest that the reasoning in Adams is at odds with the reasoning in Billings, which concerned the interpretation of the FLSA's executive exemption. Plaintiffs fail to explain why this Court should refuse to follow a Federal Circuit case directly in point based upon a claimed inconsistency with the reasoning contained in another Federal Circuit decision that is tangentially relevant at best. Even more oddly, plaintiffs cite two Second Circuit decisions that do concern home-to-work driving, both of which held that the driving in question was not compensable under the FLSA: Singh v. City of New York, 524 F.3d 361 (2nd Cir. 2008), and Reich v. New York City Transit Authority, 45 F.3d 646 (2nd Cir. 1995). Plaintiffs argue that these cases are distinguishable. We need not address the merits of the claimed distinctions. The distinguishability of decisions from another circuit holding home-to-work driving non-compensable is hardly a reason for this Court not to follow Federal Circuit decisions holding such driving non-compensable.

impliedly fault Bobo for much the same reasons as Adams.) This argument lacks merit, and, in any event, does not detract from the binding effect of Bobo and Adams in this Court.

Plaintiffs' argument lacks merit because it erroneously assumes that deference to the OPM regulations upon which he relies – 5 C.F.R. §§ 551.401 and 551.422 – would have produced a different result. Adams did not involve a failure to defer to these regulations; rather, it involved a refusal to read into the regulations the meaning that the Adams plaintiffs urged. Plaintiffs' interpretation of these regulations was specifically discussed and rejected by this Court in Adams. See Adams v. United States, 65 Fed. Cl. 217, 239-40 (2005). The fact that the Federal Circuit did not also expressly discuss these regulations does not signify anything more than that the panel simply did not view this interpretation as warranting discussion. Further, the Federal Circuit did expressly address section 551.401 in Bobo, 136 F.3d at 1467, and held that the regulation did not require FLSA compensation for home-to-work driving time in the absence of more than de minimis work performed during that time. Neither this holding, nor the Federal Circuit's reliance upon it in Adams, reflected any failure to give Chevron deference to applicable agency regulations.

Moreover, in Brand X, and in the district court cases cited by plaintiffs as examples of the application of Brand X,[3] the courts were presented with agency action occurring after the

[3] Plaintiffs cite AARP v. EEOC, 390 Fed. Supp. 2d 437 (E.D. Pa. 2005), aff'd on other grounds, 489 F.3d 558 (3d Cir. 2007), cert. denied, 128 S. Ct. 1733 (2008), and Fuller v. Teachers Insurance Company, 2007 U.S. Dist. LEXIS 69845 (E.D.N.C. Sept. 19, 2007), as "[t]wo recent district court decisions demonstrate how Brand X has changed the relationship between a trial court and its reviewing court when examining agency regulations under silent or ambiguous statutes." Plaintiff's Response 7. Plaintiffs' argument based upon AARP and Fuller was addressed by this Court, and was rejected, in Easter, slip op. 20-21. Even if these cases could be construed to imply that a trial court may reject its reviewing court's precedent, it is (continued...)

judicial precedent in question. This gave rise to the question whether a permissible agency interpretation of a statute trumps a prior judicial interpretation or vice versa. These cases do not concern the binding effect of decisions involving statutory interpretation that an appellate court issues when it has before it the agency regulation in question – as was the case in Bobo and Adams. To cite the same regulation to a trial court in a later case in support of a statutory interpretation contrary to that of the appellate court is not to seek deference to a permissible agency interpretation; it is to seek outright rejection of the appellate decision by the trial court.

Thus, as this Court recently observed in Easter,

> This is not a case in which OPM enacted new regulations interpreting the FLSA after the Federal Circuit had decided Bobo and Adams II. The OPM regulations referred to by plaintiffs were enacted in 1980. . . . The court in Bobo took note of them and chose not to follow them because of the Portal-to-Portal Act exception to the FLSA. See Bobo, 136 F.3d at 1467. Therefore, the Federal Circuit's adherence to the rule of stare decisis in Adams II was not contrary to the Court's holding in [Brand X] because it did not ignore OPM interpretations of a government regulation made after the Federal Circuit had decided Bobo. Likewise, this court would not be violating the rule of [Brand X] by following Adams II because plaintiffs do not rely on a new OPM regulation interpreting home-to-work driving under the FLSA issued subsequent to that decision. Because the issues in [Brand X] are readily distinguishable from the issues in this case, the court fails to see how the Supreme Court's decision in [Brand X] could vitiate the binding precedent of Adams II.

Easter, slip op. 19-20.

---

[3](...continued)
quite circular for plaintiffs to rely upon a case from another circuit – especially district court cases – to argue against Federal Circuit authority. (Although the district court's decision in AARP was affirmed, its reasoning was not adopted by the court of appeals.) Further, the purported relevance of these cases is entirely dependent upon plaintiffs' erroneous premise that this case involves a question of deference under Chevron and Brand X.

Finally, even if there were merit to plaintiffs' critique of Bobo and Adams, the critique would provide, at most, a reason for another court, not bound by Federal Circuit precedent, to decline to follow these cases as persuasive authority, or for the Federal Circuit to overrule its decisions in these cases. Unless and until these cases are overruled, however, they remain binding upon this Court. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006); Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

## II. The Distinctions Plaintiffs Raise Based Upon the Fact That They Are Diversion Investigators Is Not Material To Whether Their Home-to-Work Driving Is Compensable

Plaintiffs also argue that their claim is distinguishable from those in Bobo and Adams because the specific position involved here – DEA Diversion Investigator – was not among the various positions involved in those cases, and that the reason why diversion investigators are given vehicles for home-to-work driving is so that they can utilize the vehicles in connection with field work, rather than to respond to emergencies (as in Adams) or to transport dogs (as in Bobo). This, however, is not a material distinction.

At the outset, we must stress that the issue raised by our motion is not whether field work itself is compensable, including driving during the course of performing field work. Our motion concerns time solely spent driving between home and the work place. Plaintiffs blur the distinction, and beg the question at issue, by asserting that diversion investigators "drove and drive between home and work performing 'field work' pursuant to the provisions of 31 U.S.C. § 1344 . . . ." Plaintiffs' Response 23. This assertion assumes that driving to and from field work is itself field work. The cited statute itself, however, does not equate driving to and from

field work with field work itself, and the regulations cited by plaintiffs expressly distinguish between these two types of activities.[4]

A comparison of the provisions in section 1344 concerning driving between home and the place of field work with the provisions of section 1344 that were addressed in Adams demonstrates that driving a Government vehicle between home and work is not rendered compensable by virtue of the fact that the work involved is field work. In Adams, the Federal Circuit observed:

> The plaintiffs also argue that 31 U.S.C. § 1344 should alter the outcome of this case. That statute is a money allocation provision that prohibits federal funds from being spent on transportation for other than official purposes. It makes clear that "transportation between the residence of an officer or employee and various locations that is . . . essential for the safe and efficient performance of . . . criminal law enforcement duties[ ] is transportation for an official purpose." Id. § 1344(a)(2). While the statute defines the commutes at issue here to be essential to the agencies for budgetary purposes, it does not follow that those commutes constitute compensable work by the officers. The fact that the commutes are not an illegal expenditure of government resources does not change the result: Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis. . . .

---

[4] As plaintiffs point out, Plaintiffs' Response 24, the regulations define "field work" as "official work requiring the employee's presence at various locations other than his/her regular place of work. . . . ." 41 C.F.R. § 102-5.30 (2007). The same regulation states that "[h]ome-to-work transportation means the use of a Government passenger carrier to transport an employee between his/her home and place of work," and that "[w]ork means any place within the accepted commuting area . . . where an employee performs his/her official duties." Thus, if work must be performed in various locations other than the employee's regular place of work, it is field work. But, driving from home to the employee's place of work is home-to-work transportation, regardless whether the place of work is the employee's regular place of work or a field work location within the accepted commuting area. Driving from home to a field work location is simply not the same as performing field work.

471 F.3d at 1327-28. The phrase "essential for the safe and efficient performance of . . . criminal law enforcement duties," quoted from the statute in Adams, appears in subsection (B) of section 1344(a)(2). Plaintiffs rely upon subsection (A) of the same statute, which refers to transportation that is "required for the performance of field work, in accordance with regulations prescribed pursuant to subsection (e) of this section . . . ." Plaintiff's Response 24, quoting 31 U.S.C. § 1344(a)(2). In all other respects, the provisions in section 1344 upon which plaintiffs rely are identical to the provisions in section 1344 discussed by the Federal Circuit in Adams.

Plaintiffs fail to explain why the Federal Circuit's above-quoted observations concerning home-to-work driving that is "essential for the safe and efficient performance of . . . criminal law enforcement duties" are any less applicable with respect to home-to-work driving that is "required for the performance of field work . . . ." Nor do plaintiffs explain how the specific justification under section 1344 for authorizing home-to-work driving in a Government vehicle has any bearing at all upon whether the driving constitutes compensable work. The performance of criminal law enforcement duties and the performance of field work are, of course, compensable work. The fact that home-to-work driving is found to be required for the performance of the work in question does not render the driving itself compensable under Adams, whether the work is criminal law enforcement or field work.

III. Plaintiffs' Reliance Upon The ECFA Is Misplaced

Plaintiffs attempt to buttress their argument by citing language that the ECFA added to the Portal-to-Portal Act, stating that the use of a Government vehicle for commuting "shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and . . . is

subject to an agreement on the part of the employer and the employee or representative of such employee." 29 U.S.C. § 254(a). According to plaintiffs, this language implies that the use of a Government vehicle for commuting may constitute compensable work under the FLSA in the absence of an agreement. Plaintiffs recognize that the Federal Circuit in Adams drew a contrary conclusion from the ECFA, but they argue that "nothing in the language of ECFA supports the Federal Circuit's conclusion . . . ." Plaintiffs' Response 22. This is yet another instance of plaintiffs' urging this Court to ignore the binding effect of Federal Circuit precedent.

Nevertheless, plaintiffs attempt to escape the precedential force of Adams by utilizing the ECFA as a point of departure for distinguishing this case from Adams. The convoluted route plaintiffs follow to find the supposed distinction, however, leads nowhere. Plaintiffs quote from a brief we filed in Adams, where we observed that commuting in a Government vehicle did not constitute compensable work even prior to the enactment of the ECFA; and that the above-quoted language was added in order to address the unique situation of service employees whose work involved traveling in an employer-owned vehicle between various locations where the services were to be provided, as to whom DOL had issued an opinion stating that in the case of such a service employee driving from home to the first work site of the day and back from the last site of the day also constituted work. Plaintiffs' Response 20-21. From this, plaintiffs jump to the assertion that "the claim that plaintiffs herein were engaged in compensable driving from home to their first field work site and from their last field work site to their home was not litigated at all in Adams." Plaintiffs' Response 23 (emphasis in original).

The ECFA language upon which plaintiffs rely is a slender reed upon which to support the purported distinction between this case and Adams, for two reasons. First, viewing the

plaintiffs in Adams as service employees of the kind with which the ECFA was concerned would have been pertinent to the Federal Circuit's decision only under plaintiffs' interpretation of the referenced ECFA provision. The Federal Circuit did not adopt that interpretation. Nor was the referenced provision essential to the Federal Circuit's holding. In the portion of the decision under the heading "Merits," this provision is not even mentioned. And, as plaintiffs themselves point out, in both Adams and Bobo this Court expressly declined to rely upon this provision. Plaintiffs' Response 22. Yet, in both cases, the Court held that home-to-work driving in a Government vehicle was not compensable in the absence of additional work or burden that was more than de minimis, and the Federal Circuit held the same in affirming this Court's decision in Bobo, without discussing the ECFA provision at all.

Second, plaintiffs do not claim to be service employees, but diversion investigators. They allege no facts supporting their characterization of their commutes as being "from home to their first field work site and from their last field work site to their home." Plaintiffs' Response 23. They assert that they commute in Government vehicles when they are assigned to field work, but they do not allege that their field work involves more than one work site in a work day, or that the "last field work site" is different from "the first field work site." Although "[m]ultiple stops (itinerant-type travel) within the accepted local commuting area" is listed as one of several "examples of field work" in the regulatory definition, 41 C.F.R. § 102-5.30 (2007), plaintiffs do not go so far as to assert that their field work involves multiple stops or itinerant-type travel.

In sum, plaintiffs utilize the labels "first work site" and "last work site" without any basis even in alleged facts, in order to support a distinction that would only be pertinent under an

interpretation of the ECFA that the Federal Circuit did not adopt, much less rely upon as the basis for its decision.

IV. Plaintiffs' Argument Concerning Stare Decisis Does Not Detract From The Binding Effect Of Bobo And Adams Here

In our moving brief, we did not raise the doctrine of stare decisis, other than to point out that this Court is bound by the legal precedent established by the decisions of the Federal Circuit, including, for purposes of this case, Adams and Bobo. Nevertheless, plaintiffs argue at length that the doctrine of stare decisis does not apply. The gist of their argument appears to be that (1) Federal Circuit precedent is binding as to the law, not the facts; (2) stare decisis does not require a court to follow its prior decisions when those decisions can be distinguished or shown to be clearly wrong; and (3) the Federal Circuit's holding in Adams is distinguishable and/or wrong.

As we have demonstrated, however, Bobo and Adams are neither distinguishable nor wrong. And, in the absence of any material factual distinctions, the result here must be the same as in Bobo and Adams; logically, application of the same law to indistinguishable facts must produce the same result. Further, as we have also demonstrated, even if this Court believed that Bobo and Adams were wrong, it would still be bound by those decisions. See Crowley, 398 F.3d at 1335. The authorities that plaintiffs cite concerning stare decisis do not suggest otherwise. Plaintiffs quote at length certain comments by Federal Circuit Chief Judge Michel in a panel discussion at the Third Bench and Bar Conference of the Federal Circuit Bar Association, Plaintiffs' Response 26-27, but these comments have nothing to do with the obligation of the Court of Federal Claims to follow Federal Circuit precedent. The comments concern, rather, the extent to which an appellate court panel is bound by earlier panel decisions of the same appellate

court. At issue here is not the stare decisis effect of a court's own precedents, but the binding effect of an appellate court decision upon a trial court within the jurisdiction of that appellate court. Plaintiffs' argument concerning stare decisis is thus irrelevant.[5]

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, plaintiffs' claim under the FLSA for the time solely spent driving a Government vehicle between home and work should be dismissed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

[5] Similarly beside the point is plaintiffs' final argument, that the denial of the Adams plaintiffs' petition for rehearing en banc in the Federal Circuit and the denial of their petition for a writ of certiorari in the Supreme Court did not constitute affirmances of the Federal Circuit panel decision. Plaintiffs' Response 27-28. We have never contended that they did. What we contend, and what plaintiffs have not refuted, is that the Federal Circuit's decision in Adams is binding precedent in this case.

**Filed electronically**

**s/Shalom Brilliant**

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

August 22, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING 'DRIVING TIME' CLAIMS ," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**